John J. Spiers, etc., *v.* Henry Ament's Executor.

**Wills—Construction—Directions to Executor to Sell Land in Parcels is Directory and Not Mandatory.**

"I desire that the perishable part of my estate be immediately sold after my decease and also my real estate (the farm on which I now live) but I desire it to be divided in three parts best suited for a farm in each part, and sold separately, but if this can not be done then I desire it to be sold altogether."

**Held:** That the provisions in the will to divide the land in three parts before selling was merely directory and the executor had the power to use his discretion in that regard.

APPEAL FROM HARDIN CIRCUIT COURT.

January 21, 1872.

OPINION BY JUDGE PRYOR:

Henry Ament died in the county of Hardin leaving a last will and testament that was duly admitted to probate by the county court of that county. This will contains the following provisions: First, "I desire that the perishable part of my estate be immediately sold after my decease and also my real estate (the farm on which I now live), but I desire it to be divided in three parts, best suited for a farm in each part, and sold separately, but if this cannot be done then I desire it to be sold altogether, and out of the monies arising therefrom I desire that all of my honest debts and funeral expenses be paid," and lastly he appoints N. P. Williams executor of the will, giving him the "right and power to make a deed of conveyance of all my real estate, and he is to qualify and proceed immediately after my decease to dispose of my estate agreeable of this will." These are the only provisions of the will necessary to present for the purpose of determining the question involved in this controversy. The executor, N. P. Williams, sold the land to the appellants and upon their failure to pay the purchase money instituted an action at law upon these several notes. The appellants filed their several answers to this suit containing various defenses in separate paragraphs. The principal ground of defense is that the will of Ament directed the executor to sell the land of the devisor in three different lots or parcels by dividing it into three parts for that purpose, and if that could not be done to sell the whole tract; that the land was susceptible of division as desired by the devisor, but the executor disregarding the provision of the will failed to have the land divided and sold in lots, but sold the whole tract to the appellants and they have appealed to this court. The paragraph of the answer here quoted presents no available defense to the action; the executor was vested by this provision of the will, in regard to the sale of the land, with a discretionary power to sell the whole tract or divide it in three parcels. The devisor desired that the land should be divided and sold in three lots, if it could be done, and if not, that the whole tract should be sold.

By this clause of the will the executor was compelled to sell the land of the devisor, and this sale must be in parcels or as a whole. The mode of selling it is left entirely within the discretion of the person appointed to execute the power. The mere desire on the part of the devisor to sell is not to be construed as mandatory, but merely advisory. No one but the executor had the right to determine as to the best method of selling the land in order that its full value might be realized. This court has decided that where an executor is authorized to sell land if necessary for the payment of debts that the executor under such a power is the sole judge of the necessity for selling, and that the sale passed the title to the purchaser although there was no deficiency of assets. *Coleman v. King,* 3 *J. J. Marshall* 251.

The issue the appellants made in this case is that the devise expressed by the devisor in his will to sell his land in parcels could have been carried into effect, and that their judgment and those of others must be allowed to control this question.

The devisor had entrusted the executor with this power; he had imposed in him a confidence that left the executor free to sell this land in such a manner, and upon such terms as in his discretion he thought best. There was no limitation or restriction placed upon this discretion by the terms of the will, and if the executor has abused the confidence thus reposed in him by the devisor he is liable to the devisees or those interested for the violation of this trust. The purchaser of this land cannot be affected when such discretionary power is given unless there is some combination between him and the executor by which a fraud is practiced upon the devisees. The appellants have not been required by the judgment of the court below to pay for more land than they acquired title for.

The title is complete to three hundred and three-fourths acres out of three hundred and thirty-five acres sold, and this deficit will not authorize a rescission of the contract.

The notes of John Spiers and John Ament were delivered to the executor with an unconditional promise to pay these notes and delivered by the payors themselves, and the effort made to show that William Spiers' name was to be placed on the notes is not sustained by the proof, but indicates a disposition to avoid

the contract upon a mere sham defense. This parol condition should not be permitted to render a nullity such a contract as this. It is inconsistent with the written obligations of the parties. *Hubble v. Murphy, I Duvall 279.*

We perceive no substantial error to appellant's prejudice by the judgment rendered and that judgment is affirmed both on the original and cross-appeal.

*Wintersmith, for appellant.*

*Cofer, Sweeney & Stewart, for appellee.*